Ricketts v State of New York (2018 NY Slip Op 05113)





Ricketts v State of New York


2018 NY Slip Op 05113


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Gische, Kahn, Singh, Moulton, JJ.


7077 124046

[*1]Iykeland Ricketts, et al., Claimants-Appellants,
v
State of New York, Defendant-Respondent.


Parker Waichman LLP, Port Washington (Jay L.T. Breakstone of counsel), for appellants.
Eric T. Schneiderman, Attorney General, New York (Seth M. Rokosky of counsel), for respondent.



Order of the Court of Claims of the State of New York (Faviola A. Soto, J.), entered April 13, 2016, which granted defendant's motion for summary judgment dismissing the claim, unanimously affirmed, without costs.
Claimants' argument that Correction Law § 147 imposed upon defendant a statutory duty to accurately record the guilty plea of claimant Iykeland Ricketts is unpreserved insofar as it specifically invokes section 147 as the alleged source of statutory duty. In any event, by its terms, section 147 directs the Commissioner of the Department of Corrections and Community Services to investigate and forward alien inmates' records to Federal immigration authorities. The statute imposes no duty on the New York City Criminal Court (or any other branch of the judiciary), the entity which claimants contend erred. Thus, the statute fails as a source of duty for the state actor that claimants allege erred (see McLean v City of New York, 12 NY3d 194, 199 [2009]; Pelaez v Seide, 2 NY3d 186, 200 [2004]).
Claimants' contention that the motion court should have denied summary judgment to permit them to conduct discovery is unavailing. Claimants do not state in what way discovery was incomplete, or explain what essential facts further discovery might uncover (see Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK